# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51261

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 21, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOHNATHON PAUL BARTHEL, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of seven years, for burglary, affirmed in part and vacated in part with an order to amend the judgment; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Johnathon Paul Barthel pled guilty to burglary, I.C. § 18-1401. In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator. The district court sentenced Barthel to a unified term of ten years, with a minimum period of confinement of seven years. The district court ordered that Barthel's sentence be served consecutively to an unrelated sentence. Barthel filed an I.C.R. 35 motion seeking a reduction of his sentence, which the district court denied. Barthel appeals, arguing that his sentence is

1

excessive, that the district court lacked authority in ordering an additional term as part of his sentence, and that the district court erred in denying his Rule 35 motion.[1]

## A.      Sentence Review

Barthel argues that the district court abused its discretion and that his sentence is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Having reviewed the record in this case, Barthel has failed to show that his sentence is excessive.

## B.      Additional Sentencing Requirement

Barthel argues that the district court improperly included a requirement in his judgment of conviction that he comply with a recommendation contained in his psychosexual evaluation. At sentencing, the district court ordered Barthel, "[a]s a condition of and as part of [his] sentence," to comply with the recommendations contained in his psychosexual evaluation. The district court has the discretion to impose compliance with a psychosexual evaluation recommendation as a term of probation. *See* I.C. § 20-221. However, when a defendant is placed into the actual physical custody of the board of correction, the district court's jurisdiction is extinguished. *State v. Brown*, 170 Idaho 439, 444, 511 P.3d 859, 864 (2022).

In this case, the district court did not suspend Barthel's sentence. Although the district court could recommend that the board of correction or parole board make that provision a condition for granting parole or as a term of parole, the district court lacked the authority to order such

---

[1]      Barthel also pled guilty to misdemeanor stalking. He was sentenced to a determinate term of one year to be served consecutively to his burglary sentence and another unrelated sentence. However, Barthel does not challenge this portion of his judgment of conviction and sentence on appeal.

condition in Barthel's judgment of conviction. The State concedes this point. Therefore, the district court erred in ordering Barthel to comply with the recommendations of the psychosexual evaluation.

**C.      Rule 35 Motion**

Barthel argues that the district court erred in denying his Rule 35 motion for a reduction of his sentence. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987). Having reviewed the record in this case, we hold that the district court did not err in denying Barthel's motion.

We affirm Barthel's judgment of conviction and sentence. However, the district court lacked jurisdiction to require and enforce compliance with the psychosexual evaluation. Therefore, the judgment is affirmed in part, vacated, in part, and the district court is directed to enter an amended judgment of conviction consistent with this opinion. The order denying Barthel's Rule 35 motion for reduction of his sentence is also affirmed.